# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:          : Chapter 11

              :

SIGNAL INTERNATIONAL, INC., *et al.*,[1] : Case No. 15-11498 (MFW)

              :

      Debtors.  : Jointly Administered

------------------------------------------------------- x

## STATEMENT OF FINANCIAL AFFAIRS FOR
## SIGNAL INTERNATIONAL, LLC (CASE NO. 15-11500)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On July 12, 2015 (the "**Petition Date**"), Signal International, Inc. ("**SI Inc.**") and its subsidiaries (each a "**Debtor**" and, collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

Pursuant to the requirements of section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors, with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**" or "**SOFAs**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all of each Debtor's Schedules and Statements. The Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Substantially all of the Debtors' books and records have historically been kept on a consolidated basis rather than by legal entity. For purposes of the Schedules and Statements, the Debtors have attempted, to the extent reasonably practicable under the circumstances, to attribute and describe the assets and liabilities of each Debtor entity. Because of the consolidated nature of the Debtors' bookkeeping, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Schedules and Statements.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

> *These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

Christopher S. Cunningham has signed each of the Schedules and Statements. Mr. Cunningham serves as Chief Financial Officer of each Debtor and as such is an authorized signatory for each Debtor. In reviewing and signing the Schedules and Statements, Mr. Cunningham has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and the Debtors' professionals. Mr. Cunningham has not (and could not reasonably have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

1.   <u>Reservation of Rights</u>. The Debtors' chapter 11 cases are large and complex. Although the Debtors' management made every reasonable effort to ensure the Schedules and SOFAs are as accurate and complete as possible, based on the information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may have occurred. Because the Schedules and SOFAs contain unaudited information, which is subject to further review, verification and potential adjustment, there can be no assurance that these Schedules and SOFAs are complete.

Nothing contained in the Schedules and SOFAs or these Global Notes shall constitute an admission or a waiver of any of the Debtors' rights to assert any claims or defenses. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured nonpriority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of any claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. Failure to designate a claim on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." Further, nothing contained in the Schedules and SOFAs shall constitute a waiver of any of the rights of the Debtors or their estates with respect to these chapter 11 cases and specifically with respect to any issues involving equitable subordination and/or causes of

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected on the Schedules and/or SOFAs. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and SOFAs.

2.    Reporting Date.  The Debtors' fiscal year ends on December 31.  All asset and liability information, except where otherwise noted, is provided as of the Petition Date.

3.    Currency.  All amounts are reflected in U.S. dollars as of the Petition Date, unless otherwise noted below.

4.    Estimates and Assumptions.  The preparation of the Schedules and SOFAs required the Debtors to make certain estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosure of contingent assets and liabilities, and the reported amounts of revenue and expense.  Actual results could differ materially from these estimates.

5.    Asset Presentation and Valuation.  The Debtors do not have current market valuations for all assets.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  Wherever possible, unless otherwise indicated, net book values as of the Petition Date are presented.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, or adjust the asset values set forth in the Schedules and SOFAs.  As applicable, certain fixed assets and leasehold improvement assets that have been fully depreciated or fully amortized, or were expensed for GAAP accounting purposes, have no net book value and, therefore, may not have been included in the Schedules and SOFAs.

6.    Liabilities.  Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time.  In some cases, the amounts are listed as "Unknown" or "Undetermined."  Accordingly, the Schedules and SOFAs are not a completely accurate reflection of the aggregate amount of the Debtors' total liabilities.

7.    Consolidated Accounts Payable and Disbursements System.  The Debtors use a centralized cash management system to streamline collection, transfer, and disbursement of funds generated by the Debtors' business operations.  The cash

01:17449371.6

> *These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

management system is operated and maintained by SI Inc., the holding entity in the Debtors' corporate structure.

In the ordinary course of business, Signal Ship Repair, LLC ("**SSR**") and Signal International, LLC ("**SI LLC**") maintain the accounts receivable and payable that are attributable to their respective operations, though corporate overhead may appear on either's books. All collections of receivables and all payments of payables, regardless of Debtor, are deposited in and disbursed out of the bank accounts held by SI Inc. Accordingly, the Schedules and SOFAs of SI Inc. (Case No. 15-11498), SSR (Case No. 15-11499), and SI LLC (Case No. 15-11500) should be reviewed for a complete view of the Debtors' cash flows.

8. <u>Leases</u>. Any unexpired leases are included on Schedule G. To the extent any amounts were outstanding under any leases as of the Petition Date, such amounts have been included on Schedule F.

9. <u>Recharacterization</u>. The Debtors made all reasonable efforts to correctly characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs. Due to the complexity and size of the Debtors' businesses, however, it is possible that certain items have been improperly characterized, classified, categorized, or designated. In addition, certain items reported in the Schedules and SOFAs may be included in more than one category. The designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

10. <u>Claim Description</u>. Any failure to designate a claim on the Schedules and SOFAs as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed." The Debtors reserve all rights to object or otherwise dispute, or to assert setoff rights, cross-claims, counterclaims, or defenses to, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, classification, or any other grounds or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed" (by amendment to the Schedules or otherwise). Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of certain creditors for, among other things, merchandise, goods, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances.

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

11.    <u>Undetermined or Unknown Amounts</u>.    The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount.  Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts.  Further, the claims of individual creditors, for, among other things, goods, services, or taxes are listed as amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to any such credits and allowances.

12.    <u>Bankruptcy Court Orders</u>.  The Bankruptcy Court authorized the Debtors, in their discretion, to pay various outstanding prepetition claims, including, but not limited to, certain claims relating to employee compensation and benefits and certain claims of customers, critical vendors, insurers, and taxing authorities.  Where the Schedules list creditors and set forth the Debtors' scheduled amount attributable to such claims, such scheduled amount reflects amounts owed as of the Petition Date.  To the extent any adjustments have been made for payments made pursuant to the authority granted to the Debtors by the Bankruptcy Court after the commencement of these chapter 11 cases, the Debtors have included such adjustments in the Schedules and SOFAs unless otherwise noted on the applicable Schedule or these Global Notes.  Thus, certain creditors holding prepetition claims that have been satisfied pursuant to Court order are not listed.

Although the Debtors have made reasonable efforts to ensure the accurate and complete listing of prepetition claims, inadvertent errors or omissions in the adjustments relating to payments made pursuant to Court order may cause a material change to the Schedules and Statements.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as necessary and appropriate.

13.    <u>Contingent Assets and Causes of Action</u>.  Despite the Debtors' reasonable efforts to identify all known assets, the Debtors may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and SOFAs, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any potential claims, causes of action, or avoidance actions, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such potential claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

01:17449371.6

5

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

Additionally, prior to the Petition Date, the Debtors, as plaintiff, cross-claimant, and/or third-party plaintiff may have asserted claims against third parties, seeking monetary damages for business-related losses.

14.     <u>Guarantees and Other Secondary Liability Claims</u>.  The Debtors placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation.  Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been inadvertently omitted.  Thus, the Debtors reserve their rights to amend or supplement the Schedules to the extent that additional Guarantees are identified.  In addition, the Debtors reserve the right to amend the Schedules and SOFAs to recharacterize or reclassify any such contract or claim.

15.     <u>Excluded Assets and Liabilities</u>.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and SOFAs, including, without limitation, certain accrued salaries for hourly workers.  The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

16.     <u>Materialman's/Mechanic's Liens</u>.  The inventories, property, and equipment listed on the Schedules and SOFAs are presented without consideration of any materialman's or mechanic's liens.

17.     <u>Liens</u>.  Property and equipment listed on the Schedules and SOFAs are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

18.     <u>Intercompany Transactions</u>.  In the ordinary course of the Debtors' business, the Debtors have numerous intercompany transactions that offset or eliminate upon consolidation of the Debtors.  These intercompany transactions have not been included in the SOFAs or Schedules.

19.     <u>Assumptions Used in Responding to Specific Questions in the SOFAs</u>:

        a.     <u>SOFA Question 3b</u>.  The Debtors have scheduled known payments to creditors aggregating more than $6,225 that were made during the 90 days prior to the Petition Date other than ordinary course wages or expense reimbursements to non-insider employees.

        The Debtors use a consolidated cash management system and the obligations of the Debtors are paid by and through SI Inc. (Case No. 15-11498), notwithstanding the fact that certain of those obligations may be

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

obligations of one or more of SI Inc.'s affiliated Debtors. Accordingly, the response to Question 3b of SI Inc. should be reviewed for a complete list of payments to creditors aggregating more than $6,225 that were made during the 90 days prior to the Petition Date.

Certain payments made to creditors were made via corporate credit card. Those payments to creditors will not be reflected in the Debtors' responses to Question 3b.

b.   <u>SOFA Question 3c.</u>  The listing of a party as an "Insider," throughout the Schedules and SOFAs, is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

In the list of payments under Statement 3c, the Debtors define "insiders" to include the following:  (a) directors; (b) officers; (c) general partners of the Debtor entities and equity holders holding in excess of 5% of the voting securities the Debtor entities; (d) Debtor/non-Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). The listing of such individuals under Statement 3c is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an "insider," as that term is defined under section 101(31) of the Bankruptcy Code, and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

c.   <u>SOFA Question 4a.</u>  The actions described in response to SOFA Question 4a are the responsive proceedings of which the Debtors are aware.

d.   <u>SOFA Question 5.</u>  The operating Debtors routinely return damaged, unsatisfactory, or out-of-specification raw materials and other goods to vendors in the ordinary course of business.  These returns have not been listed in response to SOFA Question 5.

e.   <u>SOFA Question 8.</u>  Worker's compensation and health insurance claims generally were excluded from the Schedules and SOFAs except for being shown in Schedule F because the Debtors are performing their obligations as required by law and in accordance with Bankruptcy Court orders granting authority to the Debtors to satisfy those obligations in the ordinary course.

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

f.   SOFA Question 13.  The operating Debtors engage in certain customer programs, including various cost pass-through, rebate and discount, prepayment, warranty, and indemnity programs pursuant to which customers may receive credits and/or cash payments.  Such transactions were not considered setoffs for the purpose of responding to SOFA Question 13, although the Debtors reserve all rights with respect thereto and make no admission of waiver thereby.

g.   SOFA Question 14.  The response to SOFA Question 14 does not include equipment leased by the Debtors that is located on the Debtors' premises.  These leases are included in Schedule G.

In the ordinary course of business, the Debtors enter into consignment agreements (the "**Consignment Agreements**") with some of their vendors.  Under the Consignment Agreements, the Debtors take possession but not title to various materials and supplies (the "**Consigned Assets**").  Title to the Consigned Assets does not transfer to the Debtors, and the Debtors are not obligated to pay for the Consigned Assets until the Consigned Assets are placed in service.  Accordingly, the response to SOFA Question 14 does not include any Consigned Assets.  Consignment Agreements are included on Schedule G.

The Debtors routinely withhold or retain certain funds from employees for payment to certain governmental authorities.  These funds are held on behalf of and remitted to the applicable governmental authority.  Since the Debtors do not retain control of these funds, nor are these funds considered property of the estates, such amounts have not been itemized in response to SOFA Question 14.

h.   SOFA Question 19d.  Prior to the commencement of these chapter 11 cases, the Debtors considered various restructuring alternatives.  These restructuring alternatives included discussions with third parties, including potential lenders and investors, who, subject to confidentiality agreements, may have been granted access to certain information as requested from the Debtors' books and records.  The Debtors also may have provided consolidated financial information to banks, customers, suppliers, rating agencies and other various interested parties, both in the ordinary course of business and in consideration of the aforementioned restructuring alternatives.  Accordingly, the Debtors are not providing a list of the various parties to whom they may have issued financial statements during the requested period because it would be unduly burdensome for them to produce such a list.

> *These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

    i.    <u>SOFA Question 23</u>.  The items listed under SOFA Question 23 incorporate by reference any items listed under SOFA Question 3c, and <u>vice versa</u>.

20.    <u>Assumptions Used in Responding to Specific Questions in the Schedules</u>:

    a.    <u>Schedule A</u>.  Schedule A includes, without limitation, both the real property and buildings or structures located thereon owned by the Debtors.

    b.    <u>Schedule B</u>.  While the Debtors have attempted to relate assets to a particular Debtor entity, given the Debtors' consolidated operations, Schedule B for a Debtor in these cases should be reviewed in their totality for a comprehensive understanding of the assets owned by the Debtors' estates.  Unless otherwise noted, the amounts shown are based on closing account balances as of the Petition Date.

    c.    <u>Schedule B9</u>.  While SI Inc. is the Debtor that holds interests in the insurance policies listed on Schedule B, each of the Debtors is covered by the policies listed on SI Inc.'s Schedule B.  Accordingly, the response to Question B9 of SI Inc. should be reviewed for a complete list of the Debtors' insurance policies.

    d.    <u>Schedule B16</u>.  Trade accounts receivable is net of customer allowances and discounts.  At the conclusion of each fiscal period, the Debtors recalculate the allowance for doubtful accounts.  Thus, the allowance for doubtful accounts represents management's estimate as of the Debtors' fiscal period ending on June 30.

    e.    <u>Schedule D</u>.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve all rights to dispute or challenge validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided in Schedule D are intended only as a summary.  Reference to the applicable security agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements.

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

To generate the list of creditors holding secured claims by virtue of a UCC filing, the Debtors utilized a UCC lien search that was performed on or about June 24, 2015. Because this lien search was performed approximately 18 days prior to the Petition Date, it is possible that certain claimants perfected their respective interests within the intervening period and, to the extent this occurred, these claimants may not be listed on Schedule D. By listing a party on Schedule D based on a UCC filing, the Debtors are not conceding that such party actually holds a perfected, non-avoidable security interest in the asset that is the subject of such filing, and reserve all rights in connection therewith.

f.    Schedule E. Certain claims listed on Schedule E are claims held by employees of the Debtors for paid vacation leave ("**Vacation Claims**"). Accrued, unused paid vacation leave is paid out only upon separation from the Debtors. The Vacation Claims listed on Schedule E reflect amounts owed as of the Petition Date and have not been adjusted for any vacation leave used since the Petition Date. As such, the Debtors believe that current amounts may differ from those Vacation Claims listed in Schedule E as of the Petition Date. With respect to all other employee wage claims, the Debtors believe that all such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases pursuant to the authority granted in the relevant order(s). The Debtors and their estates reserve all rights to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims. Due to confidentiality concerns and sensitivity to employees' rights of privacy, addresses for employees receiving disbursements have not been included in response to this question.

The Debtors have not listed certain priority employee wage and benefit claims and priority claims owing to various taxing authorities for which the Debtors have been granted authority (but not direction) to pay pursuant to the "first day" order from the Bankruptcy Court.

g.    Schedule F. Schedule F does not include certain deferred charges, deferred liabilities, or general reserves. Such amounts, however, are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of the date that each claim in Schedule F was

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

incurred or arose would be unduly burdensome; therefore, the Debtors do not list a date for each claim listed on Schedule F. Similarly, the Debtors have not determined whether any claims indicated on Schedule F are subject to setoff and reserve all rights to assert setoff defenses as applicable.

The Debtors participate in a centralized cash management system through which all payments are made by one Debtor on behalf of other Debtors or through which all customer collections are made to one Debtor. Certain claims listed on Schedule F may include amounts entitled to administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code.

h.  Schedule G. The Debtors' business is large and complex. Although the Debtors' existing records and information systems have been relied upon to identify and schedule executory contracts and unexpired leases and every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed therein may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements which may not be listed therein.

The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights, claims and, causes of action with respect to the contracts and agreements listed on Schedule G, including the rights to dispute or challenge the characterization or the structure of any transaction document or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Executory agreements that are oral in nature have not been included in Schedule G.

**The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and SOFAs do not reflect any claims for rejection damages. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.**

01:17449371.6

> *These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

The Debtors scheduled only claims and executory contracts for which the Debtors may be contractually and/or directly liable. No claims have been scheduled for which the Debtors may have benefited indirectly from a contractual relationship to which a Debtor was not a named party. No claims have been scheduled where payments to third parties were made on the Debtors' behalf for administrative convenience or as a result of the Debtors' cash management system. Though exhaustive efforts were made to locate all executory contracts, the Debtors do not attest that this list is comprehensive, nor that each contract contained is executory in nature.

i.  Schedule H. In the ordinary course of business, the Debtors may be involved in pending or threatened litigation or other claims. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are "contingent," "unliquidated," or "disputed," such claims have not been set forth individually on Schedule H.

Codefendants in any litigation matters involving the Debtors are not listed in Schedule H. In addition, the Debtors may not have identified all Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, or other such agreements. The Debtors reserve all rights to amend or supplement the Schedules to the extent that additional Guarantees are identified or such Guarantees are discovered to have expired or be unenforceable.

21.  Amendment. The Debtors have made reasonable efforts to prepare and file complete and accurate Schedules and SOFAs. Despite these efforts, inadvertent errors or omissions may exist. The Debtors reserve the right to amend and/or supplement the Schedules and SOFAs as may be necessary or appropriate.

22.  Limitation of Liability. The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

B7 (Official Form 7) (04/13)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### District of Delaware

**In re: Signal International, LLC**                                        **Case No. 15-11500 (MFW)**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

### 1.  Income from employment or operation of business
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| | $20,216,899.27 | Business Revenue (Jan 1 - Jun 30, 2015) |
| | $128,306,600.38 | Business Revenue (Jan 1 - Dec 31, 2014) |
| | $46,668,282.21 | Business Revenue (Jan 1 - Dec 31, 2013) |

B7 (Official Form 7) (04/13)

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| | | See SOFA 2 Attachment |

**3. Payment to creditors**

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*  *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|---|
| | All disbursement detail is reported on a consolidated basis and is detailed in the SOFA for Case No. 15-11498-MFW | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| | All insider detail is reported on a consolidated basis and is detailed in the SOFA for Case No. 15-11498-MFW | | | |

B7 (Official Form 7) (04/13)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| | See SOFA 4a Attachment | | | |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|---|
| X | | | |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| X | | | | |

B7 (Official Form 7) (04/13)

## 7. Gifts

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|---|
| | All disbursement detail is reported on a consolidated basis and is detailed in the SOFA for Case No. 15-11498-MFW | | | |

## 8. Losses

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|---|
| X | | | |

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| | All payment detail is reported on a consolidated basis and is detailed in the SOFA for Case No. 15-11498-MFW, | | |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|---|
| X | | | |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|---|
| X | | | |

B7 (Official Form 7) (04/13)

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|------|----------------------------------|----------------------------------------------------------------------------------|-------------------------------------|
| X |  |  |  |

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|------|-----------------------------------------------|-------------------------------------------------------------------|--------------------------|----------------------------------------|
| X |  |  |  |  |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|------|-------------------------------|----------------|-------------------|
| X |  |  |  |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|------|----------------------------|------------------------------------|-----------------------|
| X |  |  |  |

**15. Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|------|---------|-----------|---------------------|
| X |  |  |  |

B7 (Official Form 7) (04/13)

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NONE   NAME

  X

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| | Mississippi<br>601 Bayou Cassotte Parkway<br>Pascagoula, MS 39581 | MS Dept Environmental Quality<br>PO Box 2061<br>Jackson, MS 39225 | 9/19/2014 | Resource Conservation Recovery Act (RCRA) |
| | Mississippi<br>601 Bayou Cassotte Parkway<br>Pascagoula, MS 39581 | US Environmental Protection Agency<br>Region 4 Atlanta Federal Center<br>61 Forsyth Street<br>Atlanta, GA 30303-8960 | 8/27/2014 | Resource Conservation Recovery Act (RCRA) |
| | Mississippi<br>601 Bayou Cassotte Parkway<br>Pascagoula, MS 39581 | US Environmental Protection Agency<br>Region 4 Atlanta Federal Center<br>61 Forsyth Street<br>Atlanta, GA 30303-8960 | 6/3/2014 | 40 C.F.R. § 122.26 (stormwater runoff) |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| | See SOFA 17b Attachment | | | |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|---|
| | US Environmental Protection Agency<br>Region 4 Atlanta Federal Center<br>61 Forsyth St SW<br>Atlanta, GA 30303 | CWA 04-2014-4768 | Closed - penalty payment made on October 28, 2014 |

B7 (Official Form 7) (04/13)

**18. Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

   *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

   *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
| | Signal International Texas GP, LLC | 42-1563050 | 11 North Water Street, Suite 16250 Mobile, AL 36602 | Oil & Gas Services | 12/10/2002 to current |
| | Signal International Texas, L.P. | 13-4225066 | 11 North Water Street, Suite 16250 Mobile, AL 36602 | Oil & Gas Services | 12/10/2002 to current |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|---|---|---|
| X | | |

   The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

   *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| | See SOFA 19a Attachment | |

B7 (Official Form 7) (04/13)

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|
| | Pricewaterhouse Coopers LLP | PO Box 932011<br>Atlanta, GA 31193-2011 | Jul 2013 - Jul 2015 |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|---|---|---|
| | Carrie Harper, Controller | 11 North Water Street<br>Suite 16250<br>Mobile, AL 36602 |
| | Chris Cunningham, CFO | 11 North Water Street<br>Suite 16250<br>Mobile, AL 36602 |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|---|---|---|
| | See Global Notes | |

**20. Inventories**
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|---|
| X | | | |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|---|
| X | | |

**21. Current Partners, Officers, Directors and Shareholders**
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|---|
| | See SOFA 21a Attachment | | |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
| X | | | |

B7 (Official Form 7) (04/13)

**22. Former partners, officers, directors and shareholders**
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|------|---------|--------------------|
| X |  |  |  |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------|------------------|-------|---------------------|
| X |  |  |  |

**23. Withdrawals from a partnership or distributions by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|------|------|------|
|  | Please refer to Debtor's response to Question 3.c. |  |  |

**24. Tax Consolidation Group.**
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|------|----------------------------|-------------------------------------|
|  | Signal International, Inc. | 26-1564248 |

**25. Pension Funds**
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|------|----------------------|-------------------------------------|
| X |  |  |

**In re: Signal International, LLC**
**Case No. 15-11500**
Attachment 2
Income other than from operation of business

| Income other than from operation of business | Source | Time Period |
|---|---|---|
| $1,498,678.62 | Gain on sale of assets | Jan 1 - Dec 31, 2013 |
| $278,188.00 | Interest income | Jan 1 - Dec 31, 2013 |
| $72,722.00 | Sale of assets | Jan 1 - Dec 31, 2014 |
| $985,161.13 | Interest income | Jan 1 - Dec 31, 2014 |
| $1,000,000.00 | QCI Claim | Jan 1 - Dec 31, 2014 |
| $4,124,140.00 | Refinancing | Jan 1 - Dec 31, 2014 |
| $7,263.13 | Sale of scrap | Jan 1 - Dec 31, 2014 |
| $224.70 | Misc income | Jan 1 - Jun 30, 2015 |
| $1,129,565.60 | Interest income | Jan 1 - Jun 30, 2015 |

**In re: Signal International, LLC**
**Case No. 15-11500**
Attachment 4a
Suits, executions, garnishments, and attachments

| Caption of suit | Case number | Nature of proceeding | Court | Status or disposition |
|---|---|---|---|---|
| Achari, et al v. Signal International, LLC, et al | 13-6218 | H-2B Litigation | US District Court for the Eastern District of Louisiana | Pending |
| Big Dawg Services, Inc. v. Signal International, LLC et al | C/A #2014-0324NH | Breach of contract | Jackson County, Chancery Court, Mississippi | Pending |
| Chakkiyattil, et al v. Signal International, LLC, et al | 13-6219 | H-2B Litigation | US District Court for the Eastern District of Louisiana | Pending |
| Kurian David, et al v. Signal International, LLC, et al | 15-30464 | Appeal re: Cross-Claims Against Burnett, Dewan, and Dewan Consultants | US Court of Appeals for the Fifth Circuit | Pending |
| Kurian David, et al v. Signal International, LLC, et al | 08-1220 | H-2B Litigation | US District Court for the Eastern District of Louisiana | Judgment Entered |
| Devassy, et al v. Signal International, LLC, et al | 13-6221 | H-2B Litigation | US District Court for the Eastern District of Louisiana | Pending |
| Equal Employment Opportunity Commission v. Signal International, LLC et al | 12-0557 | H-2B Litigation | US District Court for the Eastern District of Louisiana | Pending |
| Fireman's Fund Insurance Company et al v. Signal International, LLC et al | 14-1346-cv(L) c/w 14-2516-cv | Insurance litigation | US Court of Appeals for the Second Circuit | Pending |
| Joseph, et al v. Signal International, LLC, et al | 1:13-cv-00324 | H-2B Litigation | US District Court, Eastern District of Texas | Pending |
| Kambala, et al v. Signal International, LLC, et al | 1:13-cv-00498 | H-2B Litigation | US District Court, Eastern District of Texas | Pending |
| Kevin Smith v. Signal International | 846-2014-15884 | Discrimination | EEOC - Mobile Local Office | Pending |
| Krishnakutty, et al v. Signal International, LLC, et al | 13-6220 | H-2B Litigation | US District Court for the Eastern District of Louisiana | Pending |
| Loggerhead Holdings, Inc., et al v. BP Exploration & Production, Inc., et al. | 4:13-cv-01128 | Lost profits and breach of contract | US District Court for the Southern District of Texas | Pending |
| Marimuthu, et al v. Signal International, LLC, et al | 1:13-cv-00499 | H-2B Litigation | US District Court, Eastern District of Texas | Pending |
| Megananthan, et al v. Signal International, LLC, et al | 1:13-cv-00497 | H-2B Litigation | US District Court, Eastern District of Texas | Pending |
| Samuel, et al v. Signal International, LLC, et al | 1:13-cv-00323 | H-2B Litigation | US District Court, Eastern District of Texas | Pending |

**In re: Signal International, LLC**
**Case No. 15-11500**
Attachment 4a
Suits, executions, garnishments, and attachments

| Caption of suit | Case number | Nature of proceeding | Court | Status or disposition |
|---|---|---|---|---|
| Singh, et al v. Signal International, LLC, et al | 14-0732 | H-2B Litigation | US District Court for the Eastern District of Louisiana | Pending |
| Thomas, et al v. Signal International, LLC, et al | 14-1818 | H-2B Litigation | US District Court for the Eastern District of Louisiana | Pending |

**In re: Signal International, LLC**
**Case No. 15-11500**
Attachment 17b
Environmental information

| Site name | Address | City | State | Zip | Name of governmental unit | Address 1 | Address 2 | City | State | Zip | Date of notice | Environmental law |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mississippi | 3500 Port Authority Road | Pascagoula | MS | 39581 | United States Coast Guard | 1500 15th Street | Brookley Complex | Mobile | AL | 36615-1300 | 10/13/2008 | Clean Water Act |
| Mississippi | 3500 Port Authority Road | Pascagoula | MS | 39581 | Mississippi Emergency Management Agency | 1 Mema Dr. | | Pearl | MS | 39208 | 10/13/2008 | Clean Water Act |
| Mississippi | 3500 Port Authority Road | Pascagoula | MS | 39581 | U.S. Environmental Protection Agency, Region 4 | 61 Forsyth Street, S.W. | | Atlanta | GA | 30303-8960 | annual and semi-annual reports | Clean Water Act, Clean Air Act, Resource Conservation and Recovery Act, Toxic Substances Control Act, Comprehensive Environmental Response, Compensation, and Liability Act, Emergency Planning & Community Right-to-Know Act, and Oil Pollution Act |
| Mississippi | 3500 Port Authority Road | Pascagoula | MS | 39581 | Mississippi Department of Environmental Quality | PO Box 10385 | | Jackson | MS | 39289-0385 | annual reports | Clean Water Act, Clean Air Act, Resource Conservation and Recovery Act, Toxic Substances Control Act, Comprehensive Environmental Response, Compensation, and Liability Act, Emergency Planning & Community Right-to-Know Act, and Oil Pollution Act |

**In re: Signal International, LLC**
**Case No. 15-11500**
Attachment 19a
Books, records and financial statements

| Name | Address 1 | Address 2 | City | State | Zip | Title | Dates services rendered |
|------|-----------|-----------|------|-------|-----|-------|--------------------------|
| Chris Cunningham | 11 North Water Street | Suite 16250 | Mobile | AL | 36602 | CFO | Jul 2013 - Jul 2015 |
| Carrie Harper | 11 North Water Street | Suite 16250 | Mobile | AL | 36602 | Controller | Jan 2014 - Jul 2015 |
| Andy Mussleman | Address Redacted | | | | | Controller | Jul 2013 - Jan 2014 |
| Dwight Noble | 601 Bayou Casotte Parkway | | Pascagoula | MS | 39581 | Sr. Financial Accountant | Jul 2013 - Jul 2015 |
| Kristie Johnson | 601 Bayou Casotte Parkway | | Pascagoula | MS | 39581 | Payroll Manager | Jul 2013 - Jul 2015 |
| Sonja Krebs | 601 Bayou Casotte Parkway | | Pascagoula | MS | 39581 | Accounts Payable Manager | Jul 2013 - Jul 2015 |

**In re: Signal International, LLC**
**Case No. 15-11500**
Attachment 21a
Current Partners, Officers, Directors and Shareholders for Partnerships

| Name | Address 1 | Address 2 | City | State | Zip | Title | Nature and percentage of stock ownership |
|------|-----------|-----------|------|-------|-----|-------|------------------------------------------|
| Bruce Wayne Hodges | Address Redacted | | | | | Director | |
| Christopher S. Cunningham | 11 North Water Street | Suite 16250 | Mobile | AL | 36602 | CFO | |
| Gerald J. St. Pe | Address Redacted | | | | | Director | |
| Joe Hill | Address Redacted | | | | | Director | |
| John Morgan Barr | Address Redacted | | | | | Director | |
| Jonathan Ginns | Address Redacted | | | | | Director | |
| Richard L. Marler | 11 North Water Street | Suite 16250 | Mobile | AL | 36602 | CEO and President | |
| Signal International, Inc. | RSA Battle House Tower | 11 North Water Street | Mobile | AL | 36602 | | 100% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In re: Signal International, LLC**                                                    **Case No. 15-11500 (MFW)**

# Declaration Concerning Debtor's Statement of Financial Affairs

I, Chris Cunningham, Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   8/11/2015  _____     Signature:  ___/ s / Chris Cunningham_____

                                                         **Chris Cunningham**

                                                          **Chief Financial Officer**

---------------------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C.§§ 152 and 3571.**